UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLIE EASTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-1250-M |
| ) | |
| OKLAHOMA DEPARTMENT ) | |
| OF CORRECTIONS et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

Charlie Easter, a state prisoner appearing pro se and proceeding *in forma pauperis*, filed this civil action to recover damages under 42 U.S.C. § 1983. *See* Compl. (Doc. No. 1) at 1-9; Compl. Ex. (Doc. No. 1-1) at 1-2. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. The undersigned recommends that the action be dismissed without prejudice because Plaintiff has failed to prosecute his case in accordance with this Court's orders and procedural rules.

BACKGROUND

On February 10, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis* or "IFP," directing him to pay an initial partial filing fee of $0.48 on or before March 3, 2017. Order of Feb. 10, 2017, at 1-2; *see also* Order of Mar. 17, 2017 (Doc. No. 10) at 1. The amount of the initial partial filing fee was calculated pursuant to federal statute, and represented 20% of the average monthly deposits to Plaintiff's prison trust fund accounts for the six-month period preceding the filing of his Complaint. *See* 28 U.S.C.

§ 1915(b)(1). The Court warned Plaintiff that his failure to pay the initial partial filing fee or to show good cause, in writing, for his failure to pay that amount, could result in dismissal of this action. The Clerk's Office promptly mailed the Order to Plaintiff at his address of record, and there is no indication on the docket that he did not receive it. *See* LCvR 5.4(a).

The deadline passed without any word from Plaintiff. The Court on its own gave Plaintiff another 21 days to "either (1) pay the initial partial filing fee of $0.48[,] as required by statute; or (2) show good cause, in writing, for why he cannot pay this nominal amount." Order of Mar. 17, 2017, at 2. Plaintiff was warned that "[t]he undersigned [would] recommend that the action be dismissed without prejudice if Plaintiff fail[ed] to comply with the order" by the new deadline. *Id.* The Clerk's Office promptly mailed a copy of this Order to the last known mailing address that Plaintiff had given to the Court. *See* Staff Note (Mar. 17, 2017); IFP App. Envelope (Doc. No. 7-2) (reflecting Plaintiff's mailing address as of January 27, 2017); LCvR 5.4(a).

The mail was returned undeliverable on March 31, 2017. The envelope indicates that Plaintiff is no longer incarcerated at James Crabtree Correctional Center ("JCCC") in Helena, Oklahoma, and that the U.S. Postal Service was "unable to forward" the mail. *See* Mail Returned Envelope (Doc. No. 11-1) (marked "RTS Not here"). The Court has not received any mail from Plaintiff since it received his IFP application on February 1, 2017.[1]

---

[1] These events followed similar failures by Plaintiff to comply with Court deadlines. On December 1, 2016, the Court had advised Plaintiff that he must provide certain financial information in order to be granted IFP status, and directed him to submit a completed IFP application, or alternatively pay the full filing fee, by a specific date. *See* Order of Dec. 1,

ANALYSIS

This Court has inherent authority to clear its "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted); *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014) (citing Fed. R. Civ. P. 41(b)).

Plaintiff has been warned, repeatedly, that his failure to comply with the Court's directives and rules, expressly including that he pay the initial partial filing fee, may result in his case being dismissed without prejudice. *See* Order of Feb. 10, 2017, at 1-2 (order to pay initial partial filing fee); Order of Mar. 17, 2017, at 1-2 (same). Despite being given ample opportunity to do so, Plaintiff has neither paid this amount nor explained to the Court why he could not do so within the time given. *See James v. Roberts*, 458 F. App'x 734, 737-38 (10th Cir. 2012); *Brown v. Beck*, 203 F. App'x 907, 910-11 (10th Cir. 2006).

---

2016, at 2. The Court warned Plaintiff that his failure to comply with this Order by the date given could result in the dismissal of this action. Order of Dec. 1, 2016, at 2-3 (citing LCvR 3.2, 3.3(e)). That deadline passed without any word from Plaintiff. On its own the Court extended Plaintiff's deadline to January 26, 2017, directing him to either cure the deficiencies in his IFP application or pay the full filing fee by that date. *See* Order of Jan. 5, 2017 (Doc. No. 5) at 1-2. The Court again advised Plaintiff that this action would be subject to dismissal without prejudice if he did not comply with the Court's Order. *Id.* On February 1, 2017, the Court received Plaintiff's IFP application, which was dated January 19, 2017.

Plaintiff's failure to comply with the Court's orders and deadlines leaves the Court unable to "achieve [an] orderly and expeditious" resolution of this action. *Link*, 370 U.S. at 631.

RECOMMENDATION

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice and without imposition of fees or costs.

NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 16, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 26th day of May, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE